UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Nicole Buckley,

               Plaintiff,         Case No. 21-12539

v.                               Judith E. Levy
                                     United States District Judge
Vascular Associates of Michigan,
PC, John Iljas, and Mazen Bazzi,   Mag. Judge Kimberly G. Altman

               Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S RENEWED
MOTION FOR CONDITIONAL CERTIFICATION [23]**

    Plaintiff Nicole Buckley filed the present collective action against Defendants Vascular Associates of Michigan, PC; John Iljas; and Mazen Bazzi under the Fair Labor Standards Act ("FLSA"). Before the Court is Plaintiff's renewed motion for conditional certification, disclosure of potential opt-in Plaintiffs' contact information, and court-approved notice. (ECF No. 23.) For the reasons set forth below, Plaintiff's motion is DENIED with prejudice.

    **I.    Background**

Plaintiff was an hourly-paid medical assistant and receptionist who worked for Defendants from May 2008 until September 2021. (ECF No. 23-6, PageID.222; ECF No. 1, PageID.4.) Defendants John Iljas and Mazen Bazzi are co-owners of Defendant Vascular Associates of Michigan, a "medical office that specializes in vascular surgery." (ECF No. 1, PageID.3.) Plaintiff alleges that Defendants violated the FLSA by failing to account for her "guaranteed semi-annual bonuses" when calculating her overtime rate. (*Id.* at PageID.4–5.) She brings one individual claim and one collective claim based on the same theory. (*Id.* at PageID.7–9.)

On May 10, 2022, Plaintiff brought her original motion for conditional certification. (ECF No. 11.) A hearing on the motion was held on July 21, 2022, and the Court denied Plaintiff's motion without prejudice. (ECF No. 17.) On August 29, 2022, Plaintiff filed a renewed motion for conditional certification, disclosure of potential opt-in plaintiffs' contact information, and court-approved notice. (ECF No. 23.) The motion is fully briefed. (*See* ECF Nos. 23, 27, 28.) On August 31, 2022, the motion was set for hearing on January 19, 2023 at 2 p.m. On the morning of January 19, 2023, the parties contacted the Court to

request that the matter proceed without oral argument. As a result, the Court canceled the hearing and now considers Plaintiff's motion without oral argument.

## II. Legal Standard

Section 207 of the FLSA requires employers to compensate their employees at "a rate not less than one and one-half times the regular rate" of pay for time worked in excess of forty hours in any workweek. 29 U.S.C. § 207(a)(1). Under the FLSA, employees may sue on their own behalf and for "similarly situated" persons to collectively recover unpaid overtime compensation from their employer. 29 U.S.C. § 216(b); *see also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

"Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer*, 454 F.3d at 546. Accordingly, the Court first must determine "whether plaintiffs have shown that the employees to be notified of the collective action are, in fact, similarly situated." *Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 824–25 (E.D. Mich. 2009) (quoting *Comer*, 454 F.3d at 546) (internal quotation marks omitted). If

3

the plaintiffs make this showing, the Court may then "authorize notification of similarly situated employees to allow them to opt into the suit." *Id.* at 825.

Courts in the Sixth Circuit generally follow a two-stage certification process to determine whether the opt-in and lead plaintiffs are similarly situated. The first, or "notice," stage, takes place at the beginning of discovery. *Comer*, 454 F.3d at 546. The court "determines whether the suit should be conditionally certified as a collective action so that potential opt-in plaintiffs can be notified of the suit's existence and of their right to participate." *Fisher*, 665 F. Supp. 2d at 825 (internal quotation marks omitted). The second stage follows receipt of opt-in forms and the conclusion of discovery. *Id.* At that point, "trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated" and "employ[] a stricter standard" for final certification. *Comer*, 454 F.3d at 547 (internal quotation marks omitted).

Therefore, "the sole consequence of conditional certification [under § 216(b)] is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action only by filing written

4

consent with the court." *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 449 (2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). This notice process allows courts to "determine (1) the contour and size of the group of employees that may be represented in the action so as to authorize a notice to possible collective members who may want to participate, and (2) if the members as described in the pleadings are 'similarly situated.'" 7B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1807 (3d ed. 2022). The court may decertify the collective "[i]f final certification is not granted." *Id.*

Collective actions under the FLSA are distinct from class actions under Federal Rule of Civil Procedure 23. *See Taylor v. Pilot Corp.*, 697 F. App'x 854, 857 (6th Cir. 2017). "First, whereas Rule 23 creates a regime where class members are either bound by the litigation or must opt out of a suit to avoid becoming parties bound by any judgment, the FLSA requires employees to opt in to the action." *Id.* "Second, whereas Rule 23 outlines a relatively detailed class-certification process, the FLSA says little about how collective actions should work." *Id.* "It never defines, for example, what it means for employees to be 'similarly situated.'" *Id.*

5

However, the FLSA standard of "similarly situated" at the first stage is "less demanding than Rule 23's standard." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017); *see also Comer*, 454 F.3d at 546–47 (describing the standard to be met at the first stage of FLSA conditional certification as a "fairly lenient standard"). At stage one, "the plaintiff must show only that [their] position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (internal quotation marks omitted). The district court's authorization of notice "need only be based on a modest factual showing." *Id.* at 547. As a result, this "typically results in conditional certification of a representative class." *Id.* (internal quotation marks omitted). "Evidence presented on a motion for FLSA conditional certification need not meet the same evidentiary standards applicable to motions for summary judgment because there is no possibility of final disposition at the first stage of collective action certification." *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2015 WL 7257274, at *4 (E.D. Mich. Nov. 17, 2015) (citing *Fisher*, 665 F. Supp. 2d at 826). Additionally, the court does not "resolve factual disputes, decide substantive issues going to the

6

ultimate merits, or make credibility determinations" at this stage. *Fisher*, 665 F. Supp. 2d at 825.

## III. Analysis

Plaintiff seeks to certify a collective defined as "all Hourly Employees employed by Defendants within the three years prior to the filing of Plaintiff's Original Complaint." (ECF No. 23, Page.190.) Plaintiff provides only her own declaration as evidence to support that the collective is "similarly situated." (*See* ECF No. 23-6.)

Plaintiff's declaration includes the following statements:

- Defendants "had at least 10 Hourly Employees at any given time. I know this because we all worked in a large open room at the reception desk. Because of the setup of the room, I was able to observe other Hourly Employees working." (*Id.* at PageID.223.)

- Plaintiff "received guaranteed, semi-annual bonuses" and "[o]ther Hourly Employees also received bonuses based on their tenure and continued employment." (*Id.*)

- "The bonus was equivalent to 80 hours of pay, or two weeks of pay. I know this because it was part of the way Defendants advertised when hiring new Hourly Employees and because I spoke with Hourly Employees about their bonuses." (*Id.*)

- "All Hourly Employees were told during the interview process with Jennifer Moore, the office manager, that Defendants paid semi-annual bonuses in the summer and in December." (*Id.*)

7

- "While I received 1.5 times my hourly rate for my overtime hours, Defendants did not include the value of my bonuses in determining my overtime rate." (*Id.* at PageID.224.)

- "I do not know of any other Hourly Employees whose bonuses were included in their overtime rate. Defendants never told me that I was being paid differently than the other Hourly Employees." (*Id.*)

- "I spoke with other Hourly Employees generally about the way they were paid, particularly about the bonus structure and the percent increase based on tenure with new hires." (*Id.*)

- "In working for Defendants, I was able to interact with other Hourly Employees. Based on my experience talking with other Hourly Employees, I believe that there would be others that would want to join this lawsuit if notice were sent to them and they were made aware of their right to claim lawful wages." (*Id.*)

Defendants oppose Plaintiff's motion. (*See* ECF No. 27.) They argue that Plaintiff's "conclusory" and "speculative" statements are not enough to demonstrate that the collective is "similarly situated." (ECF No. 27, PageID.236–237.) Defendants argue that Plaintiff works as a receptionist and not a medical assistant, and therefore is not similarly situated to any of the other hourly employees. (*Id.* at PageID.238.)[1]

---

[1] Defendants also make an argument based on the *O'Brien* factors (*see* ECF No. 27, PageID.237–240), which Courts employ at the second stage of the certification process and not the first. *Cowley v. Prudential Sec., Inc.*, No. 2:21-cv-12226, 2022 WL 1567314, at *5 (E.D. Mich. May 18, 2022) ("[T]he three-factor test developed in *O'Brien* and reiterated in *Monroe* is more appropriately applied at the second step of collective certification.") Thus, the Court will not consider the *O'Brien* factors at this initial stage.

8

Even without addressing the factual dispute about Plaintiff's actual job duties, the Court finds that Plaintiff has not met her burden of demonstrating that the proposed collective is similarly situated. "[C]ourts in this District have not hesitated to deny conditional class certification in FLSA actions when they have found that the evidence proffered by the individual plaintiff or plaintiffs was too conclusory, speculative, or scant to support a finding that the members of the proposed class were similarly situated." *Sutka v. Yazaki N. Am. Inc.*, No. 17-10669, 2018 WL 1255767, at *8 (E.D. Mich. Mar. 12, 2018) (collecting cases).

Plaintiff does not provide any evidence of a company-wide "common policy or plan that violated the law." *Fisher*, 665 F. Supp. 2d at 825; *see also Arrington v. Mich. Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691, at *4 (E.D. Mich. Aug. 1, 2011) (citation omitted) ("Proof of [an FLSA-violating] policy or of conduct in conformity with that policy [including by representative testimony] proves a violation as to all the plaintiffs.").

The only evidence Plaintiff provides is her own declaration.[2] "[C]ourts within this District have routinely declined to grant conditional certification based on allegations of a single employee." *Ward v. Guidant Glob. Inc.*, No. 20-CV-10283, 2021 WL 1589263, at *5 (E.D. Mich. Apr. 23, 2021) (collecting cases). "To warrant a finding that similarly situated employees exist [based on declarations], a plaintiff's declaration 'must at least allege facts sufficient to support an inference that she has actual knowledge' about other employees' job duties, hours worked, and whether they were paid for overtime hours." *Holder v. A&L Home Care & Training Ctr., LLC*, 552 F. Supp. 3d 731, 739 (S.D. Ohio 2021) (internal quotation marks omitted).

Plaintiff's declaration does not indicate that she has personal knowledge of other employees who were subject to the same alleged FLSA violation. Even though Plaintiff states that she "was able to observe other Hourly Employees working" "because we all worked in a large room at the reception desk" (ECF No. 23-6, PageID.223), merely observing other hourly employees working is not enough to support a conclusion that she

---

[2] Although Plaintiff's motion indicates that she provides a second declaration written by Amanda Howell (ECF No. 23, PageID.191), no such declaration was provided or referenced in Plaintiff's briefs. (*See* ECF Nos. 23, 28.)

had personal knowledge of similar FLSA violations involving bonuses and overtime.[3]

Plaintiff's declaration also indicates that she spoke with other hourly employees about "the bonus structure," but she falls short of saying that they were subject to the same bonus structure that she was subject to. (*Id.* at PageID.224). Likewise, her statement that she "believe[s] that there would be others that would want to join this lawsuit" does not go to Plaintiff's personal knowledge of similar FLSA violations. (*Id.*)

Plaintiff's statement that "all hourly employees were told during the interview process with Jennifer Moore, the office manager, that Defendants paid semi-annual bonuses in the summer and in December" does not reflect Plaintiff's personal knowledge either. As Defendants correctly note, there is no reason to believe that Plaintiff was present during other employees' interviews. (ECF No. 27, PageID.237.) Thus, this conclusory statement does not reflect her own personal knowledge that

---

[3] This statement also does not support that she knew that all of the other hourly employees had similar job duties to her. The Court notes that Plaintiff's renewed motion broadens the proposed class definition from "all Medical Assistants" (ECF No. 11, PageID.56) to "all Hourly Employees" (ECF No. 23, PageID.190), making it more difficult for Plaintiff to demonstrate that she knew the proposed collective had similar job duties.

11

others were similarly situated, nor does it serve as evidence of a company-wide policy that violates the FLSA.

Plaintiff's other statements about the bonus structure are phrased in the negative. (*See* ECF No. 23-6, PageID.224) ("I do not know of any other Hourly Employees whose bonuses were included in their overtime rate. Defendants never told me that I was being paid differently than the other Hourly Employees.") These statements do not affirmatively indicate that she had personal knowledge of similar violations involving bonuses.

Thus, Plaintiff fails to meet the modest burden of showing that the proposed collective is "similarly situated." Because this is Plaintiff's second attempt at conditional certification, Plaintiff's motion is denied with prejudice.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's renewed motion for conditional certification with prejudice.

IT IS SO ORDERED.

Dated: January 27, 2023　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

12

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2023.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager