IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NICOLE BUCKLEY**                                                                 **PLAINTIFF**

vs.                                  No. 5:21-cv-12539-JEL-KGA

**VASCULAR ASSOCIATES OF MICHIGAN, PC,**                    **DEFENDANTS**
**JOHN ILJAS and MAZEN BAZZI**

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff Nicole Buckley ("Plaintiff") and Defendants Vascular Associates of Michigan, PC, John Iljas, and Mazen Bazzi (together "Defendants") hereby file this Joint Motion to Approve Settlement. The parties seek approval of their Settlement Agreement and Release of Claims attached hereto as Exhibit 1 ("Agreement") under Section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA").

### I.   BACKGROUND

On October 28, 2021, Plaintiff filed this lawsuit against Defendants seeking to recover unpaid overtime wages, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act (the "FLSA"). Plaintiff alleged that Defendant paid Plaintiff an improper overtime rate for all hours worked over 40. Specifically, Plaintiff alleged that Defendants failed to include all forms of compensation, such as non-discretionary bonuses, into the calculation of Plaintiff's overtime rate, thereby violating the FLSA. Defendants filed an answer denying Plaintiff's allegations, maintaining that Plaintiff was adequately compensated for all hours worked, and maintaining that Defendants acted at all times in good faith and in the reasonable belief that its actions were in compliance with

the FLSA. During the course of discovery, the Parties (through counsel) negotiated and agreed to terms for settlement, memorialized in the Settlement Agreement and Release attached as Exhibit 1 to this Motion (the "Agreement")[1].

## II. THE NEED FOR COURT APPROVAL

Circuits are split on whether a private settlement of an FLSA claim requires court approval. *Compare Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Sixth Circuit has yet to rule definitively on the question, but appears to presume that, as a general rule, claims under the FLSA "may not be settled without supervision of either the Secretary of Labor or a district court." See *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-CV-12302, 2015 WL 1444400, at *1 (E.D. Mich. Jan. 12, 2015 (citations omitted)).

If approval is required, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Smolinski v. Ruben & Michelle Enterprises Inc.*, No. 16-CV-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017) (citing *Snook*, No. 14-cv-12302, at *1; and *Lynn's Food Stores, Inc.*, 679 F.2d at 1353 (other citations omitted)). A district court may only approve a settlement

---

[1] The attached Agreement has been signed by Plaintiff. The Parties anticipate that the Defendants will sign the Agreement by the end of this week. When the Agreement has been fully executed, the Parties will supplement this filing with a copy of the fully signed document.

agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Id.*

If a proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

### III.    THE SETTLEMENT IS FAIR AND REASONABLE

The Parties have established the existence of a *bona fide* dispute; namely, Plaintiff alleged that Defendant violated the FLSA because it failed to pay her proper overtime compensation. Plaintiff understands that success in litigation is not a certainty and a legitimate dispute existed on whether the overtime compensation Plaintiff received was a proper amount. Accordingly, there is a *bona fide* dispute between the Parties that is fully resolved by the proposed Agreement.

Plaintiff and her counsel have specifically weighed the potential value of the claims based on time and pay records gathered from the Parties related to the alleged improper overtime payments against the potential for receiving nothing at trial. From this, Plaintiff and her counsel have concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendant supports this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals.

Under the terms of the Agreement, Plaintiff is receiving the amount of $500.00. This amount is reasonable due to a number of factors. First, Plaintiff's total alleged lost wages due to miscalculated regular rate were $789.82, and she is accordingly receiving over 63% of her alleged lost wages. Second, Plaintiff stood a legitimate risk of receiving nothing for her claim. Defendant's position is that every bonus referenced in the Complaint was discretionary in nature and that accordingly Plaintiff's overtime rate was correctly calculated. Defendant was prepared to bring evidence which it believed would establish the discretionary nature of the bonuses, including testimony that multiple of Plaintiff's bonuses were given due at her own request and due to her special need for them. Counsel for the Parties believe that the amount Plaintiff is receiving under the settlement is in excess of the amount she stood to receive at trial. In return for her settlement payment, Plaintiff agrees to a release of claims under the FLSA and similar state and local wage and hour claims only. Plaintiff is also receiving the benefit of a neutral references clause under which Defendant agrees to provide potential employers of Plaintiff a neutral employment reference upon reference request.

Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") Plaintiffs' counsel is receiving the amount of $5,200.00 pursuant to the Agreement, which Plaintiff's counsel avers is reasonable. This amounts to 17% of the over $30,000.00 in attorneys' fees and costs Plaintiff's counsel has billed to this matter to date, taking this case from initial fact investigation and Complaint drafting, to discovery including informal exchange of documents and initial

disclosures, through significant motions practice on Plaintiff's Motions for Collective Action Certification, and finally several months of settlement negotiations which included a magistrate judge settlement conference. Should this Court require a more thorough review, Plaintiff's counsel will provide their billing records.

WHEREFORE, Plaintiff and Defendant respectfully request that the Court approve their settlement, dismiss all claims in this case with prejudice, and retain jurisdiction over the matter to enforce the terms of settlement.

Respectfully submitted,

**NICOLE BUCKLEY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

    and    **VASCULAR ASSOCIATES OF MICHIGAN, PC, JOHN ILJAS and MAZEN BAZZI, DEFENDANTS**

GASIOREK MORGAN
Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001

*/s/ Greg Jones*
Greg Jones (P75318)
gjones@work-lawyers.com

### CERTIFICATE OF SERVICE

    I, Josh Sanford, do hereby certify that on the date imprinted by the CM/ECF system, a true and correct copy of the MOTION to which this certificate has been appended was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

David F. Greco, Esq.
Ertis Tereziu, Esq.
Northwestern Highway, Suite 425
Farmington Hills, MI 48334
(248) 865-0001
dgreco@gmgmklaw.com
eterezui@gmgmklaw.com

                                             */s/ Josh Sanford*
                                             **Josh Sanford**