# SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release ("Agreement") is entered into by and between Nicole Buckley ("Plaintiff") and Vascular Associates of Michigan, PC, John Iljas, and Mazen Bazzi ("Defendants"). Plaintiff and Defendants are jointly referred to herein as the "Parties."

2. <u>Statement of Pending Claims</u>.  On October 28, 2021, Plaintiff filed the Civil Action, *Nicole Buckley, et al. v. Vascular Associates of Michigan, PC, et al.*, No. 2:21-cv-12539 in the United States District Court for the Eastern District of Michigan (the "Action"). In the Action, Plaintiff claims that Defendants failed to pay Plaintiff her proper overtime amounts due under the Fair Labor Standards Act ("FLSA").

3. <u>Non-Admission</u>.  Defendants deny they or any of the Releasees (as defined below) engaged in any wrongful or unlawful act or violated any federal, state, or local statute, law, ordinance, or regulation.

4. <u>Payments</u>.  In consideration for signing this Settlement Agreement and Release, the dismissal of the Action with prejudice, and the fulfillment of the promises herein, Defendants agree to pay Plaintiff and Plaintiff's counsel the total sum of **Five Thousand Seven Hundred Dollars** ($5,700.00). Defendants shall reissue any lost, stale, or damaged checks at no cost upon request from Plaintiff's counsel. The payments shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within fourteen (14) days of the Court's approval of this Agreement, in the following amounts:

a. a check for $250.00 made payable to Plaintiff, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendants will issue Plaintiff an IRS Form W-2;

b. a check for $250.00 made payable to Plaintiff, without withholdings, representing claimed liquidated damages, for which Defendants will issue Plaintiff an IRS Form 1099; and

c. a check for $5,200.00 in settlement of any and all claims for attorneys' fees, made payable to Sanford Law Firm, PLLC, for which Defendants will issue an IRS Form 1099.

5. <u>Dismissal of Claims with Prejudice</u>. Within seven (7) days of complete execution of this Agreement, the Parties will file a Joint Motion for Approval of Settlement, in a form to be agreed upon by the Parties.

6. <u>Release of Claims</u>. In exchange for the promises contained herein, Plaintiff hereby fully, finally and forever releases and discharges Defendants, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, and officers (together "Releasees") from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date Plaintiff signs this Agreement, against Defendants for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Plaintiff under the FLSA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Michigan, regarding failure to pay minimum wages and/or overtime wages.

7. <u>Covenant Not to Sue</u>. Plaintiff covenants not to sue any of the Releasees for any claim Plaintiff releases in this Agreement.

8. <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>. Nothing in this Agreement shall interfere with Plaintiff's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiff from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

9. <u>Neutral Reference</u>. Defendants shall not make any statement or take any action intended to or reasonably likely to dissuade any prospective employer from hiring Plaintiff. If a reference from a prospective employer is sought from Defendants regarding Plaintiff, Defendants shall provide the reference within a reasonable time, and shall provide only dates of employment, last salary or rate of pay and last position or title.

10. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiff and Defendants with respect to its subject matter and supersedes all other agreements between Plaintiff and Defendants.

Doc ID: f025a0dba2e0d99546ba0937cf00e935233c2058

11. <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

12. <u>Choice of Law</u>.  This Settlement Agreement and Release is to be interpreted pursuant to the laws of Michigan, except where the application of federal law applies.

13. <u>Waiver</u>.  Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

14. <u>Severability</u>.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

15. <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendants shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

16. <u>Cooperation and Drafting</u>.  The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties' counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

Doc ID: f025a0dba2e0d99546ba0937cf00e935233c2058

| **PLAINTIFF** | **DEFENDANTS** |
|---|---|
| *Nicole Buckley* (signature) | _____ |
| _____ | **Vascular Associates of Michigan, P.C.** |
| **Nicole Buckley** | |
| | By (print): _____ |
| Date: 05 / 22 / 2023 | |
| | Date: _____ |
| | _____ |
| | **John Ilyas** |
| | Date: _____ |
| | _____ |
| | **Mazen Bazzi** |
| | Date: _____ |

Doc ID: f025a0dba2e0d99546ba0937cf00e935233c2058